## WELSH v. BROWN.

### June 13, 1837.

*Rule to show cause why the recognizance should not be amended.*

Where, through the mistake of the prothonotary, a recognizance for stay of execution is taken for six months, instead of *nine*, according to the act of 16th June, 1836, relating to executions, the court will allow the defendant to give security in a new recognizance, for the nine months, without prejudice to any right which the plaintiff may have in regard to the recognizance already entered into, after the stay for nine months shall have expired.

THIS was a judgment for 203 dollars. The prothonotary took a recognizance for stay of execution for *six* instead of *nine* months, as provided in the act of 16th June, 1836, relating to executions. (*Stroud's Purd. tit. Execution.*) The six months had now expired, and the defendant obtained this rule to show cause why the recognizance should not be amended so as to give the defendant the stay of nine months.

*I. Norris,* for the rule.
*Brewster,* contra.

PER CURIAM.—We have no power to amend this recognizance. Nor is it necessary that we should now determine whether this recognizance is void under the statute, or whether the surety may be sued on it as a voluntary recognizance. But the defendant cannot be deprived of the time designated for a stay of execution by the act of assembly, through the mistake of the prothonotary, if he is willing to give the proper security. We therefore direct the following entry to be made of record, viz:

"June 13, 1837. *Ordered,* that defendant have leave to give security in a new recognizance for the amount of the judgment, with interest and costs, for a stay of execution for nine months, to be computed from the return day of the original process. This order to be without prejudice to any right which the plaintiff may have in regard to the recognizance already entered into, after the said stay for nine months shall have expired."

Decree accordingly.